No. 2243.—STATE OF LOUISIANA v. GEORGE MUSTON.

The bill of indictment for the crime of embezzlement must designate the thing embezzled.
Charging the accused with the embezzlement of the sum of eleven dollars is insufficient
to hold the prisoner.

APPEAL from the First District Court of New Orleans. *Abell*, J.
*S. Belden*, Attorney General, for the State; *E. Filleul*, for defend-
ant and appellant.

LUDELING, C. J. This record shows that George Muston was con-
victed of embezzlement, that he was sentenced to eighteen months'
imprisonment at hard labor, and to pay the cost of the prosecution.

Our attention has been directed to several alleged errors apparent
upon the face of the record. It will be necessary to notice only one
of them.

The indictment recites "that the prisoner did receive and take into
his possession for and on account of the said O. E. Hall *the sum of
eleven dollars* so received as aforesaid, the said George Muston then
and there fraudulently and feloniously did wrongfully use, conceal, dis-
pose and otherwise embezzle contrary to the form of the statute."

State of Louisiana v. George Muston.

The defect is, *the thing embezzled is not indicated.* The statute declares "that in prosecutions for embezzlement or larceny of bank notes, checks, bills of exchange, promissory notes, gold or silver money, or of any other property of that kind, it shall not be necessary to set forth in the indictment a *minute and detailed* description thereof, but a general allegation of the amount, *and the thing embezzled* or stolen shall be sufficient." It is necessary to designate the thing embezzled. What is the prisoner charged in the indictment with embezzling ? The *sum* of eleven dollars. But the indictment does not inform us in what "the sum of eleven dollars" consisted; it is not alleged that the sum embezzled consisted in gold or silver dollars or in currency—whether in two or more coins or treasury notes or bank bills. The defect is one of substance and not of form, and the omission vitiates the indictment. Acts of 1855, § 82; 10 An. 230; 20 An. 49.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, that the verdict of the jury be set aside, and that the case be remanded to be proceeded in accordingto law.